1
Megan A. Richmond (SBN 170753)
MEGAN A. RICHMOND, APC
2
655 W. Broadway, Suite 1700
3
San Diego, CA 92101
T: (619) 577-4253 | F: (619) 577-4250
4
megan@therichmondfirm.com

5
C. Brooks Cutter (SBN 121407)
6
John R. Parker, Jr. (SBN 257761)
7
Celine E. Cutter (SBN 312622)
CUTTER LAW P.C.
8
401 Watt Ave., Suite 100
9
Sacramento, CA 95864
T: (916) 290-9400| F: (916) 588-9330
10
bcutter@cutterlaw.com
11
jparker@cutterlaw.com
ccutter@cutterlaw.com
12

13
*Counsel for Plaintiffs*

14

15
## UNITED STATES DISTRICT COURT

16
## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

17
| | |
|---|---|
| BRIANA RIBOTA; NICOALE SYLVESTRE; LASHA DALTON; and YOLANDA SALAZAR, individually and on behalf of all others similarly situated, | Case No.: |
| | |
| Plaintiffs, | COLLECTIVE ACTION [29 U.S.C. § 216(B)] COMPLAINT FOR VIOLATION OF FAIR LABOR STANDARDS ACT DEMAND FOR JURY TRIAL |
| vs. | |
| COUNTY OF SAN BERNARDINO, a legal subdivision of the State of California, and DOES 1-10, inclusive, | |
| Defendants | |

18
19
20
21
22
23
24
25
26
27

1

2

## PRELIMINARY STATEMENT

3

4
   1.  Plaintiffs, Employment Service Specialist workers, Eligibility workers and

5
employees of Defendant COUNTY OF SAN BERNARDINO, bring this action, on

6
their own behalf and on behalf of all others similarly situated, under the United

7
States Fair Labor Standards Act, 29 U.S.C. § 216(b), for remedies arising out of

8
Defendant's non-payment of overtime.

## JURISDICTION AND VENUE

9

10
   2.  This Court has subject matter jurisdiction over the claims asserted

11
herein pursuant to Article III of the United States Constitution, 28 U.S.C. § 1331,

12
and 29 U.S.C. § 216(b).

13
   3.  Venue is proper in this Court under 28 U.S.C. § 1391(b).  Defendant

14
resides in this District for the purposes of the foregoing venue statute and a

15
substantial part of the events or omissions giving rise to the claims set forth in this

16
Complaint occurred in this District.

## PARTIES

17
   4.  Plaintiff BRIANA RIBOTA is an individual who resides in this District, and

18
is a citizen of the United States and California. Plaintiff RIBOTA was, at some

19
point during the past three years, employed as a non-exempt Employment Service

20
Specialist worker (an "ESS") by Defendant in the Transitional Assistance

21
Department ("TAD") in this District.

22
   5.  Plaintiff NICOALE SYLVESTRE is an individual who resides in this

23
District, and is a citizen of the United States and California. Plaintiff SYLVESTRE

24
was, at some point during the last three years, employed as a non-exempt ESS in

25
this District.

26

27

6.  Plaintiff LASHA DALTON is an individual who resides in this District, and is a citizen of the United States and California. Plaintiff DALTON was, at some point during the last three years, employed as a non-exempt ESS in this District. Plaintiff DALTON was also, at some point during the last three years, employed as a non-exempt Eligibility Worker (an "EW") by Defendant at TAD.

7.  Plaintiff YOLANDA SALAZAR is an individual who resides in this District, and is a citizen of the United States and California. Plaintiff SALAZAR was, at some point during the last three years, employed as a non-exempt ESS in this District.

8.  The additional persons who have or may become parties plaintiffs to this collective action are also non-exempt ESS and EW workers who are or were employed by Defendant COUNTY OF SAN BERNARDINO and who worked overtime hours for said Defendant during the limitations period without receiving any or all of the compensation to which they are entitled.

9.  Defendant COUNTY OF SAN BERNARDINO (hereinafter "Defendant") is a legal subdivision of the State of California, pursuant to Article 11, Section 1(a) of the California Constitution and Ca. Gov. Code § 23002.

10. Defendants DOES  1-10, inclusive, are sued herein under fictitious names. Their true names and capacities are unknown to Plaintiffs.  When their true names and capacities are ascertained, Plaintiffs will amend this Complaint by inserting their true names and capacities herein.  Plaintiffs are informed and believe, and thereon allege, that each of these fictitiously named defendants is responsible in some manner for the occurrences alleged herein and that the damages alleged herein were caused by such defendants.

//

//

//

# COLLECTIVE ACTION ALLEGATIONS

11.   Plaintiffs make the allegations contained herein individually and as representatives of all those similarly situated, on behalf of the below-defined Classes:

      a.   **ESS Class**: Every ESS employee of San Bernardino County TAD.

      b.   **EW Class**: Every EW employee of San Bernardino County TAD.

12. The allegations contained herein are made upon personal knowledge as to Plaintiffs and their own acts and circumstances, and, as to all other matters, upon information and belief.

13.   During the applicable limitations period, Plaintiffs were employed as non-exempt workers by Defendant in the TRANSITIONAL ASSISTANCE DEPARTMENT of Defendant's DEPARTMENT OF HUMAN SERVICES ("TAD Workers").

14.   The allegations of this Complaint are applicable to all TAD Workers employed by Defendant during the limitations period, including both current and former employees of Defendant. The allegations of this Complaint are applicable to all of Defendant's offices at which TAD Workers were employed during the limitations period.

15.   Plaintiffs bring this action on behalf of themselves and on behalf of   all other TAD Workers who were employed by Defendant within the applicable limitations period and who worked in excess of the maximum hours prescribed by 29 U.S.C. § 207(a) without payment of all of the overtime compensation required thereunder.  If discovery so indicates, Plaintiffs reserve the right to amend this Complaint to assert a collective action on behalf of one or more sub-classes of workers employed by Defendant's TRANSITIONAL ASSISTANCE DEPARTMENT.

16.   Plaintiffs' position and situation is in all respects similar to, if not

1    identical to, the other persons on whose behalf Plaintiffs bring this action.

2    Plaintiffs reserve the right to seek to certify this action as a collective action with

3    one or more sub-classes.

4        17.    At all times relevant to this Complaint, Defendant was an enterprise

5    engaged in interstate commerce or in the production of goods for commerce as

6    defined by 29 U.S.C. §§ 203(r) and 203(s).  At all times relevant to this

7    Complaint, Defendant was an employer within the meaning of 29 U.S.C. § 203(d)

8    and has employed and continued to employ social workers, including Plaintiffs,

9    within the meaning of 29 U.S.C. § 203(g).

10        18.    During the applicable limitations period, Plaintiffs were employed by

11    Defendant as TAD Workers.

12        19.    Pursuant to 29 U.S.C. § 207(a), the TAD Workers employed by Defendant,

13    including Plaintiffs, are entitled to be compensated for all of the hours they work

14    for Defendant, as well as time and one-half (1½) of their regular pay rate for each

15    hour worked in excess of forty (40) hours per week.

16        20.    During the applicable limitations period, Defendant frequently required,

17    suffered, and/or permitted TAD Workers, including Plaintiffs, to work more than

18    forty (40) hours per week without paying them all of the overtime compensation

19    required by 29 U.S.C. § 207(a).

20        21.    Defendant's unlawful conduct has been repeated and consistent throughout

21    the limitations period and during Plaintiffs' employment as TAD Workers.

22        22.    Defendant was aware that TAD Workers, including Plaintiffs, performed

23    and completed work that could not have been completed in forty (40) hours per

24    week and, therefore, required them to work overtime.

25        23.    The job requirements and workloads of TAD Workers, including

26    Plaintiffs, imposed upon them by Defendant could not be completed in a forty (40)

27

1  hour workweek, and Defendant was aware of this fact.  Yet, Defendant accepted

2  the benefit of the work without paying TAD Workers overtime.

3      24. Defendant discouraged and prevented TAD Workers, including Plaintiffs,

4  from reporting overtime that had not previously been approved and/or authorized.

5      25. Defendant's practice of requiring TAD Workers, including Plaintiffs, to

6  complete more work than could be completed in a forty (40) hour workweek

7  hampered the ability of TAD Workers, including Plaintiffs, to administer

8  employment and welfare benefits in compliance with state and federal mandates

9  and regulations.

10     26.  Upon information and belief, Defendant was aware that TAD Workers

11 were working uncompensated overtime so that the TAD Workers could fulfill

12 Defendant's obligation to provide employment and welfare benefits in compliance

13 with state and federal mandates and regulations.

14     27. During the applicable limitations period, Defendant failed to accurately

15 record, report, and/or preserve records of hours worked by TAD Workers, because

16 Defendant instructed TAD Workers not to enter overtime in their timesheets unless

17 it was pre-approved overtime. On information and belief, TAD Workers logged

18 into a computer system every workday to perform their jobs and to which

19 Defendant had access and of which Defendant had knowledge. On information and

20 belief, the computer system that TAD workers logged into daily demonstrates that

21 TAD Workers, including Plaintiffs, were frequently working outside of regular

22 hours and accruing unpaid overtime. To the extent such records exist, they are in

23 the possession of Defendant and discoverable in this action.

24     28. Plaintiff RIBOTA consents to be a party plaintiff in this collective action.

25 The written consent of Plaintiff RIBOTA is attached to the Complaint as

26 Attachment A and is incorporated herein by this reference.

27

1   29. Plaintiff SYLVESTRE consents to be a party plaintiff in this collective

2   action.  The written consent of Plaintiff SYLVESTRE is attached to the Complaint

3   as Attachment B and is incorporated herein by this reference.

4   30.  Plaintiff DALTON consents to be a party plaintiff in this collective action.

5   The written consent of Plaintiff DALTON is attached to the Complaint as

6   Attachment C and is incorporated herein by this reference.

7   31. Plaintiff SALAZAR consents to be a party plaintiff in this collective action.

8   The written consent of Plaintiff SALAZAR is attached to the Complaint as

9   Attachment D and is incorporated herein by this reference.

10   **FIRST CLAIM FOR RELIEF**

11   **(Fair Labor Standards Act)**

12   32. Plaintiffs incorporate by reference the allegations of Paragraphs 1 through

13   27 of this Complaint as though fully set forth in this First Claim for Relief.

14   33. At all times relevant to this Complaint, Defendant was an enterprise

15   engaged in interstate commerce or in the production of goods for commerce as

16   defined by 29 U.S.C. §§ 203(r) and 203(s).  At all times relevant to this

17   Complaint, Defendant was an employer within the meaning of 29 U.S.C. § 203(d)

18   and has employed and continued to employ social workers, including Plaintiffs,

19   within the meaning of 29 U.S.C. § 203(g).

20   34. During the applicable limitations period, Plaintiffs were employed by

21   Defendant as TAD Workers.

22   35. Pursuant to 29 U.S.C. § 207(a), the TAD Workers employed by Defendant,

23   including Plaintiffs, are entitled to be compensated for all of the hours

24   they work for Defendant, as well as time and one-half (1½) of their regular pay

25   rate for each hour worked in excess of forty (40) hours per week.

26   36. During the applicable limitations period, Defendant frequently required,

27   suffered, and/or permitted TAD Workers, including Plaintiffs, to work more than

1  forty (40) hours per week without paying them all of the overtime compensation

2  required by 29 U.S.C. § 207(a).

3      37. Defendant required, suffered, and/or permitted Plaintiff RIBOTA to work

4  more than forty (40) hours per week without paying all of the overtime

5  compensation required by 29 U.S.C. § 207(a) on numerous occasions throughout

6  the applicable limitations period, including, without limitation and upon

7  information and belief.

8      38. Defendant required, suffered, and/or permitted Plaintiff SYLVESTRE to

9  work  more than forty (40) hours per week without paying all of the overtime

10  compensation required by 29 U.S.C. § 207(a) on numerous occasions throughout

11  the applicable limitations period, including, without limitation and upon

12  information and belief.

13      39.   Defendant required, suffered, and/or permitted Plaintiff DALTON to work

14  more than forty (40) hours per week without paying all of the overtime

15  compensation required by 29 U.S.C. § 207(a) on numerous occasions throughout

16  the applicable limitations period, including, without limitation and upon

17  information and belief.

18      40.   Defendant required, suffered, and/or permitted Plaintiff SALAZAR to

19  work more than forty (40) hours per week without paying all of the overtime

20  compensation required by 29 U.S.C. § 207(a) on numerous occasions throughout

21  the applicable limitations period, including, without limitation and upon

22  information and belief.

23      41. During the applicable limitations period, Defendant failed to accurately

24  record, report, and/or preserve records of hours worked by TAD Workers,

25  including Plaintiffs. To the extent such records exist, they are in the possession of

26  Defendant and discoverable in this action.

27

42.   Upon information and belief, Defendant's failure to pay overtime to TAD Workers, including Plaintiffs, was "willful" for the purposes of 29 U.S.C. § 255(a).

43. By reason of Defendant's foregoing conduct, TAD Workers, including Plaintiffs, have suffered harm and been damaged.

44. Plaintiffs and all others similarly situated are entitled to damages in the amount of all unpaid overtime from three (3) years immediately preceding the filing of this action, pursuant to 29 U.S.C. § 255(a). They are also entitled to liquidated damages, plus interest and costs as allowed by law, pursuant to 29 U.S.C. §  216(b), and such other legal and equitable relief as the Court deems just and proper. They are also entitled to recover attorney fees and costs, pursuant to 29 U.S.C. § 216(b). Plaintiffs hereby seek all of the foregoing remedies for themselves and all others similarly situated.

45. WHEREFORE, Plaintiffs, on their own behalf and on behalf of all others similarly situated, request relief as set forth in this First Claim for Relief and below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following, on their own behalf and on behalf of all others similarly situated:

A. Judgment against Defendant for an amount equal to the overtime Defendant failed to pay at the applicable overtime rate, pursuant to 29 U.S.C. § 216(b).

B. Liquidated damages in an additional amount equal to the overtime Defendant failed to pay at the applicable overtime rate, pursuant to 29 U.S.C. § 216(b).

C. Attorney fees and costs, pursuant to, inter alia, 29 U.S.C. § 216(b).

D. A finding that Defendant's violations of law were willful and providing for a recovery period of three (3) years prior to the filing of this Complaint, pursuant to 29 U.S.C. § 255(a).

1    E.  An award of prejudgment interest.

2    F.  Leave to add additional plaintiffs by motion, the filing of written consent

3         forms, or any other method approved by the Court; and

4    G.  Such further relief as the Court deems just and equitable.

5

6    Dated: March 11, 2020

7

8                                          Respectfully submitted,

9

10                                          */s/ John R. Parker, Jr.*
                                           C. Brooks Cutter (SBN 121407)
11                                          John R. Parker, Jr. (SBN 257761)
                                           Celine E. Cutter (SBN 312622)
12                                          CUTTER LAW P.C.
                                           401 Watt Ave., Suite 100
13                                          Sacramento, CA 95864
                                           T: (916) 290-9400| F: (916) 588-9330
14                                          bcutter@cutterlaw.com
15                                          jparker@cutterlaw.com
                                           ccutter@cutterlaw.com
16

17                                          Megan A. Richmond (SBN 170753)
18                                          MEGAN A. RICHMOND, APC
                                           655 W. Broadway, Suite 1700
19                                          San Diego, CA 92101
                                           T: (619) 577-4253 | F: (619) 577-4250
20                                          megan@therichmondfirm.com

21

22

23

24

25

26

27